[Civ. No. 2995.  First Appellate District, Division One.—October 11, 1919.]

D. McDOUGALL, Administrator, etc., Appellant, v. C. WESLEY ROBERTS et al., Respondents.

[1] UNDUE INFLUENCE—DISPOSITION OF PROPERTY—INADEQUATE CON-
SIDERATION—REMEDY.—Where a person through undue influence has
been induced to part with his property for an inadequate consid-
eration, his remedy is rescission and not damages; and prompt
rescission and offer of restitution are essential to a recovery.

[2] FRAUDULENT REPRESENTATIONS—UNTRUTH OF STATEMENTS—PLEAD-
ING.—In an action for damages for fraudulent representations,
it is essential that the statements made by the defendant be
alleged to be untrue. An inference is not a sufficient allegation
of falsity.

[3] ID.—ATTORNEY AND CLIENT—ADVICE TO DISPOSE OF PROPERTY—
EXPRESSION OF OPINION.—A statement by an attorney to a client,
who is not capable physically or mentally of giving his business
ordinary care and attention due to cares and worries of a vexing
and harassing nature growing out of certain litigation, that it is
for the best interest of the latter that he at once dispose of all
his property, is insufficient to constitute a misrepresentation as
distinguished from a mere opinion.

———

3. What statements are fact and what opinion, note, 35 L. R. A.
435.

[4] ID.—INDICTMENT OF PLAINTIFF—INFLUENCE OF DEFENDANTS TO
PREVENT—WANT OF ALLEGATION OF FALSITY.—Allegations that the
defendants represented to plaintiff that he was about to be in-
dicted by the grand jury and that they had great influence with
the United States district attorney, and could, through him, either
cause or prevent an indictment being found against plaintiff, are
insufficient to state a cause of action for fraud where it is not
alleged that such statements were untrue.

APPEAL from a judgment of the Superior Court of
Los Angeles County.   Curtis D. Wilbur, Judge.   Affirmed.

The facts are stated in the opinion of the court.

F. F. Oster and Peyton H. Moore for Appellant.

C. S. Anderson, R. L. Horton, Hunsaker & Britt, Le Roy
M. Edwards, Stephens & Stephens and James E. Degnan for
Respondents.

KERRIGAN, J.—The complaint herein presents an action
for damages based upon the fraud of defendants, one of whom
was plaintiff's attorney.   It recites, in substance, that while
plaintiff was sick in body and mind he was induced to transfer
for a consideration of less than one hundred thousand dol-
lars real and personal property worth $1,403,060.   The com-
plaint was filed about a year and a half after the transaction
occurred, and was in three counts.   The trial judge sustained
defendants' demurrer to the first and second counts of the
second amended complaint, without leave to amend.   As to
the third count he granted plaintiff leave within fifteen days
after notice to apply to the court on five days' notice for leave
to file an amended third count.   In accordance with the
leave so granted plaintiff served and asked leave to file his
third amended complaint.   The motion to amend was op-
posed by defendants upon the ground, among others, that
the proposed complaint did not state facts sufficient to con-
stitute a cause of action; that said motion was not made in
good faith, and that the allegations of the proposed amended
complaint were sham and false.

Upon the hearing defendants offered and the court received
in evidence, without objection, the original complaint, the
first and second amended complaints, together with the de-
murrers and answers thereto, and also the deposition of

plaintiff, which had been taken and was on file. After argument and before decision plaintiff withdrew his proposed complaint and asked for and received permission of the court to submit a further amended pleading. Thereafter plaintiff served an amended pleading, which he styled "third amended complaint," and moved for leave to file it. Defendants objected thereto, urging in opposition all of the objections they had theretofore made to the filing of an amendment. Permission to file the amended document was denied by the court upon the ground, among others, that the proposed complaint did not state facts sufficient to constitute a cause of action, that the alleged cause of action was barred by the statute of limitations, and that said motion was not made in good faith, and that the allegations of the proposed amended complaint were sham and false. Judgment followed for defendants, and plaintiff now takes this appeal.

As grounds for reversal it is urged, first, that the trial court erred in sustaining the demurrers to the second amended complaint and in rendering judgment of dismissal thereof; and, second, the trial court erred in denying plaintiff's application to file his proposed third amended complaint.

As stated by counsel for appellant, the main question here involved is as to whether or not the second amended complaint and the proposed third amended complaint state facts sufficient to constitute a cause of action, for the allegations contained in these two documents are substantially the same. In passing upon the demurrers of the defendants to plaintiff's second amended complaint the trial judge filed an opinion, which has been made a part of the record herein. As we think it correctly states the law with reference to the questions presented on this appeal, we hereby adopt it as the opinion of this court. It is as follows:

"This case is before the court upon the demurrers of the defendants to plaintiff's second amended complaint. The injury complained of by plaintiff is that defendants have secured from him property worth $1,403,060 for the sum of one hundred thousand dollars 'and other considerations,' including the assumption of debts of plaintiff, to plaintiff's damage in the sum of $1,310,560. The complaint is in three counts. [1] It is conceded by defendants that the facts stated in each count sufficiently allege undue influence, but it is claimed that the remedy therefor is rescission and not

damages. It was so held by our supreme court in *Bancroft*
v. *Bancroft*, 110 Cal. 379, [42 Pac. 896]. Prompt rescission
and offer of restitution are essential to a recovery on the
ground of undue influence. Neither is alleged in the com-
plaint, and hence the complaint fails to state a cause of action
for undue influence. Plaintiff argues that this restitution
is unnecessary, citing *Moore* v. *Moore*, 133 Cal. 489, [65
Pac. 1044, 66 Pac. 76]. This case is discussed in *Henry* v.
*Phillips*, 163 Cal. 135, 143, [Ann. Cas. 1914A, 39, 124
Pac. 837], and does not apply to the case at bar. [2]
Plaintiff claims, however, that the complaint states a cause
of action for fraudulent representations. Omitting certain
allegations in the complaint as to what the defendants con-
spired to do, and assuming that the alleged representations
are statements of fact, it is not alleged that the said state-
ments were in fact untrue, or that they were known to de-
fendants to be untruè. In the first count the alleged mis-
representation is 'that if he (the plaintiff) did not sell all of
his stock to the defendants he would be subjected to a
criminal prosecution' 'upon a criminal charge in the United
States district court of the southern district of California.'
It is not alleged that this statement was untrue, and treat-
ing it as an actionable misrepresentation, rather than a mere
expression of opinion (for which no action would lie) it is
essential to a plea of false representation that it be alleged
to be untrue.

[3]   "In the second count the alleged misrepresentation is
that defendants 'did . . . represent that it was to plaintiff's
best interest that plaintiff at once dispose of all his real
property,' etc. It is claimed that while ordinarily such a
statement as this would be but an expression of opinion, in
this case, where such statement is made to plaintiff by his
attorney, he had a right to rely thereon and to treat the
same as a statement of fact (citing *Phelps* v. *Grady*, 168
Cal. 73, [141 Pac. 926] ; *Henry* v. *Continental etc. Assn.*, 156
Cal. 667, [105 Pac. 960]). Assuming that this statement
comes within the principle of these cases, it is nowhere al-
leged that this statement or advice was untrue. Inferentially
it may be so alleged as growing out of the vast disproportion
between the value received and given, but an inference is
not a sufficient allegation of falsity. It is alleged in another
count that the 'plaintiff was engaged in a large amount of

litigation connected with his interest in the said Conservative Investment Company (the corporation whose stock was transferred by plaintiff to defendants) and had been subjected to many business cares and worries of a vexing and harassing nature growing out of such litigation, and because thereof he was not physically or mentally capable of devoting to the affairs of his said business or to the management of his interests and real property or his said stock in said Conservative Investment Company, ordinary care or attention.' While this allegation is for the purpose of showing plaintiff's susceptibility to undue influence or fraud, it nevertheless serves to show that the defendant attorney might have stated the truth when he said that it was for the best interest of a man who was losing his mind and health over litigation to sell his interest in the property involved therein. The quotation is made here merely to enforce the principle that the untruth of the alleged representation must be alleged in order to effectively allege fraud. However, we think the allegation is one of a mere opinion so general in its nature as to be insufficient to constitute a misrepresentation as distinguished from a mere opinion.

[4] ''The third count alleges a representation 'that plaintiff was about to be indicted by the said grand jury . . . that defendants had great influence with said United States district attorney and could, through him, either cause or prevent an indictment being found against plaintiff,' and that if plaintiff did not sign the papers involved herein he would be indicted by said grand jury, and if he did he would not be so indicted. This could be but the expression of an opinion except as to the statement 'that he was about to be indicted' and that one of the defendants had great influence with the said United States district attorney. It is not alleged that these statements were untrue; and while undue influence may be predicated thereon, the falsity of the statements or opinions must, as has already been said, be alleged in order to base thereon an action at law for fraud.

''These three counts therefore fail to state a cause of action.

''It is claimed by the plaintiff that he has stated a cause of action because of the alleged misconduct of plaintiff's attorney and the active participation of the other defendants therein. That such conduct would justify an action for rescission is admitted; that it would justify an action to

recover secret profits is admitted also, or cannot be denied. But, as has been said, the complaint fails to allege restoration or an offer to restore, and hence fails as an action for rescission; and while alleging that the attorney has a one-tenth interest in the purchasing syndicate, it fails to allege any profit therefrom and does not purport to ask for an accounting of profits realized. It is worthy of observation, too, that the contract set up by the plaintiff affirmatively shows on its face that the said attorney had an interest in the subject matter of twenty-six thousand five hundred dollars separate and distinct from his interest as an attorney for plaintiff, and while the plaintiff alleges that he was ignorant that his attorney would be one of the purchasing syndicate, he was not ignorant that said attorney had an interest in the contract adverse to him. For the reason stated the complaint fails to state a cause of action against said defendant.

"As to defendant Roberts, the plaintiff claims special injury because he demanded and received a commission of two thousand five hundred dollars. Aside from the allegations of plaintiff's mental weakness (not amounting to incompetency) there seems to be no basis for the recovery of this amount. The defendant demanded the compensation, and the plaintiff, knowing all the facts, paid him. He cannot recover.

" . . . In the event that no application is made for leave to amend as herein provided, or if said leave be denied, judgment will go for defendants."

Respondents insist that the record as presented does not entitle appellant to a review of the judgment. Considering the conclusion we have reached, this point becomes unimportant.

For the reasons given the judgment is affirmed.

Waste, P. J., and Richards, J., concurred.