[Civ. No. 3671. First Appellate District, Division One.—March 24, 1921.]

## C. W. BOZARTH, Respondent, v. A. OTIS BIRCH, Appellant.

[1] UNDUE INFLUENCE—ACTION FOR DAMAGES — RESCISSION — PLEADING.—In an action for damages based solely upon the defendant's exercise of undue influence over the plaintiff in the procurement from plaintiff of a contract for the purchase of the latter's stock in a particular corporation and certain notes, the complaint fails to state a cause of action where it contains no averment of a rescission of the contract.

[2] FRAUD—ELECTION OF REMEDIES—DAMAGES—PLEADING.—Where the complaint shows that such action is not based wholly, or chiefly, upon the defendant's undue influence over the plaintiff in the procurement of said contract, but that it is one essentially sounding in fraud, consisting in the fraudulent design and false representation of the defendant by which plaintiff was induced to part with his notes and stock without adequate consideration, and that the plaintiff has elected to affirm the contract and sue for damages, the complaint is sufficient without an averment of a rescission of the contract.

[3] ID. — INFIRMITIES OF DEFENDANT — EVIDENCE OF MENTAL CONDITION.—In such an action, where the gravamen of the plaintiff's complaint is that by reason of his physical and mental infirmities he was the more easily misled by the defendant's representations as to matters of fact which, had he been in his normal state of mind and body, he would have known or could have learned to be untrue, evidence as to his enfeebled mental condition on the date of the transaction in question is properly admitted.

[4] ID.—WEALTH AND EXPERIENCE OF DEFENDANT—EVIDENCE—WANT OF PREJUDICE.—In such an action, the admission of evidence as to the defendant's wealth and business experience is not prejudicial to the defendant where the verdict of the jury awards to the plaintiff not the large amount of damages which he prayed for, but only a sum which represents the actual value of the plaintiff's stock at the time of the transaction in question as fixed by the testimony of the defendant himself.

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul J. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Schweitzer & Hutton, Geo. H. Woodruff, Clyde C. Shoe-maker and Woodruff & Shoemaker for Appellant.

John C. Stick and Muhleman & Crump for Respondent.

RICHARDS, J.—This is an appeal from a judgment in the plaintiff's favor for the sum of $9,550 damages. The complaint set forth facts upon which the plaintiff predicated his prayer for damages in substance as follows: That the Lyon-McKinney-Smith Company was a corporation having its principal place of business in Los Angeles, with a capital stock of $100,000 divided into one thousand shares of the par value of $100 per share; that plaintiff was the owner and holder of 194 shares of the capital stock of said corporation from the time of its incorporation in the year 1902 up to the twentieth day of August, 1916; that in the year 1912 the defendant became a stockholder in said corporation and also a director thereof; that from time to time thereafter he acquired additional shares of stock therein until on January 1, 1916, he was the owner of the majority of its stock; that during the same time the corporation had become indebted to the defendant in the sum of approximately $100,000, so that he was on the last-named date the largest creditor thereof; that by reason of his said ownership of the majority of the stock of said corporation, and of the fact that he was its largest creditor, the defendant had come to completely dominate the board of directors of said corporation and the officers thereof, and also the control and financial policy thereof, and had thereby craftily stimulated and fostered in the minds of the said officials thereof the idea that if he were to become dissatisfied or displeased with the conduct of the affairs of said corporation he could and would wreck the business of the same; that the plaintiff had also from time to time loaned various sums of money to the corporation until on August 19, 1916, it was indebted to him in the sum of $13,000, evidenced by two certain promissory notes, one for the sum of $10,500, bearing interest at the rate of ten per cent per annum, and one for the sum of $2,500, bearing interest at the rate of seven per cent per annum, which principal sums, with accumulated interest, were then due and unpaid; that these sums of money had been loaned by plaintiff to the corpo-

ration for its accommodation, use, and benefit, and that in order to so loan the same the plaintiff had himself borrowed the sum of $9,000 of said moneys so loaned by him to it, upon which he was at said time paying interest at the rate of eight per cent per annum, and of which last-named indebtedness he would be unable to pay either the principal or interest except out of the moneys due as principal and becoming due as interest from the corporation to him; that on January 1, 1916, the plaintiff suffered a nervous breakdown and was incapacitated for business or for any proper understanding of the conduct and affairs of said corporation, which enfeebled mental and bodily condition of the plaintiff continued thereafter up to and after August 20, 1916; that at some time prior to August 19, 1916, the said defendant conceived the design of despoiling the plaintiff of his said 194 shares of the capital stock of said corporation without paying him any adequate compensation therefor through his control of said corporation, and through his manipulation and control of its board of directors; and that on August 19, 1916, in furtherance of his said design he falsely and fraudulently represented to plaintiff that said corporation was insolvent and was in immediate danger of bankruptcy, and that at a meeting of said corporation held on said day, with intent to intimidate the said plaintiff and lend stress to said representation, the said defendant proposed that an assessment be levied on the capital stock of said corporation at the rate of twenty per cent of the par value thereof if paid in cash, or of forty per cent of the par value thereof if paid in stock. That at said meeting the said defendant further falsely and fraudulently stated and declared that the plaintiff could not have paid to him his interest on his notes of said corporation any more; that at the time of the making of these statements by the said defendant they were knowingly false and untrue in that said corporation was not insolvent and was not in condition to make more payments of the interest on plaintiff's notes to him, but that the said plaintiff, by reason of his enfeebled mental and physical condition and of the fact that he had thereby been unable to keep himself informed as to the actual condition of the affairs of the corporation, believed the said statements and false assertions of the defendant to be true, and was greatly distressed thereby;

and that while he was in this state of distress the defendant offered said plaintiff immediately following said statements to buy his said notes of said corporation from him, paying him the face value thereof without accrued interest, but only upon condition that the said plaintiff would turn over to said defendant all of his said stock in said corporation without any other consideration therefor than the payment of the said face value of the plaintiff's said notes; and that said plaintiff, under the belief and influence of said defendant's false assertions that said corporation was insolvent and in immediate danger of bankruptcy and unable to pay the interest on his notes, and also under the compulsion and distress occasioned thereby, and being thus overreached and oppressed by the defendant, transferred to him his said notes for the sum of $13,000, the face value thereof, without accrued interest, and also transferred to him his said 194 shares of the capital stock of said corporation, without any other or further consideration therefor; that said notes were at said time of the reasonable value of the sum of $13,000, and that said stock was at said time of the reasonable value of $19,400; and that by the aforesaid acts and grievances complained of the plaintiff has suffered damage in the sum of $25,000.

The defendant demurred to the plaintiff's complaint on several grounds, and also moved to strike out several portions thereof; and the said demurrer having been overruled and said motion denied, filed his answer denying specifically most of the material averments of said complaint, and denying any unfairness or overreaching on his part in his transactions with the defendant. He also set up as a separate and affirmative defense that the plaintiff had prior to the institution of this action, and after he had become mentally competent and thoroughly cognizant of all the acts and things of which he complained in this action, instituted an action against said corporation for certain recoveries, by which said action said plaintiff had confirmed his said transactions with said defendant, whereby he was now estopped from maintaining the present action.

The case went to trial before a jury upon the issues as thus framed, at the conclusion of which the jury rendered its verdict in the plaintiff's favor, fixing his damages at the sum of $9,550, for which sum judgment was presently en-

tered, and from such judgment defendant prosecutes this appeal.

[1] The first contention of the appellant is that the trial court erred in its order overruling its demurrer to the plaintiff's complaint, for the alleged reason that the cause of action attempted to be set forth therein was one based upon the exercise of undue influence upon the part of the defendant in procuring the contract from plaintiff for the transfer of his notes and stock, and that this being so it was requisite for him to have averred a rescission of said contract; and that lacking such averment the complaint did not state facts sufficient to constitute a cause of action. In making this contention the defendant relies upon the two cases of *Bancroft* v. *Bancroft,* 110 Cal. 374, [42 Pac. 896], and *McDougall* v. *Roberts,* 43 Cal. App. 553, [185 Pac. 483]. It may not be denied that if the appellant's premise to the effect that this is an action based solely upon the defendant's exercise of undue influence over the plaintiff in the procurement of the contract in question, his conclusion as to the insufficiency of the plaintiff's complaint in the respect indicated would be correct under the foregoing cases; [2] but an inspection of said complaint, as hereinbefore stated, in substance convinces us that this action is not based wholly, or chiefly, upon the defendant's undue influence over the plaintiff in the procurement of said contract, but that it is one essentially sounding in fraud, consisting in the fraudulent design and false representation of the defendant by which the plaintiff was induced to part with his notes and stock without adequate consideration. The two cases above cited as upholding the appellant's contention expressly limit the application of the doctrine therein declared to cases wherein undue influence is alleged to be the sole inspiring cause of the contract complained of; and in our opinion this doctrine should not be extended to cases, like that at bar, wherein advantageous contracts have been procured by false and fraudulent misrepresentations as to matters of fact, even though a plaintiff by reason of mental infirmities has been the more easily misled and unduly influenced thereby. This being so, the well-established rule applicable to cases sounding in fraud, which gives to the plaintiff his choice of remedies, either to disaffirm the contract through its rescission or to affirm it and sue for dam-

ages, should be given application to the facts of the case
at bar; and the plaintiff herein having elected to seek the
latter remedy his complaint must be held to have sufficiently
stated a cause of action.

As to the objections which the appellant urges to the
plaintiff's complaint upon the other grounds, we think they
are not well taken, for the reason that the defendant's
alleged misrepresentations as to the insolvency of the cor-
poration and its imminent danger of bankruptcy were not
made as mere matters of opinion but as statements of fact
based upon the defendant's superior knowledge of the
affairs of the corporation. Being so made to the plaintiff
at a time when, by reason of his impaired physical and
mental powers, he was not in a condition to know or learn
the truth respecting the defendant's assertions, he has, we
think, sufficiently brought himself within the principles gov-
erning fair dealing between parties to contracts as laid down
in the case of *Spreckels* v. *Gorrill,* 152 Cal. 383, [92 Pac.
1011].

We think, also, and for the reasons above stated, that the
motion of the defendant to strike out certain portions of
the plaintiff's complaint was properly denied.

[3] The defendant's next contention is that the trial
court erred in admitting evidence as to the plaintiff's un-
soundness of mind. We confess ourselves not quite able to
follow the refinement of the appellant's reasoning in sup-
port of this contention. The gravamen of the plaintiff's
complaint was that by reason of his physical and mental
infirmities he was the more easily misled by the defendant's
representations as to matters of fact which, had he been in
his normal state of mind and body, he would have known
or could have learned to be untrue. Seven witnesses testi-
fied as to his enfeebled condition, some of whom even went
so far as to declare him entirely incompetent on the date
of the transaction in question. Had he brought suit to set
aside said transaction as entirely void, the above evidence
would, it is conceded, have been admissible; and we fail to
see why the same evidence would not be competent in an
action wherein the defendant is alleged to have been able
to successfully misrepresent an existing condition because
the plaintiff's weakened mental state made it impossible for
him to know or learn the truth. The case of *Ripperdan*

v. *Weldy*, 149 Cal. 667, [87 Pac. 276], cited by the appellant on this point, has no application to it that we can discover. The point is not well taken.

The appellant further urges a number of respects wherein he claims the evidence is insufficient to support the findings of the jury upon the special issues presented to it for determination at the defendant's request. We have examined each of these findings in the light of the pleadings in the case and of the evidence adduced in support thereof, and from such examination we are satisfied the findings of the jury upon these issues are each sufficiently supported by the evidence in the case. It would not be profitable to review these in detail; nor do we deem the several alleged errors of the trial court in the admission of evidence, conceding them to be such, sufficiently prejudicial to justify a reversal of the case—as, for example, the alleged error of the court in admitting evidence as to the defendant's wealth and business experience. [4] It is argued that this sort of evidence is only admissible in actions wherein exemplary damages may be awarded; and it is urged by the appellant that this is not in its nature such an action, since section 2294 of the Civil Code confines such damages to actions ''for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, express or implied.'' It may well be doubted whether an action for damages founded upon misrepresentation and deceit, with particular circumstances of oppression, is not one of those actions upon tort to which the rule governing exemplary damages would apply; but however that may be, the evidence upon which the appellant has urged this objection does not appear to have been prejudicial, since the verdict of the jury awarded to the plaintiff not the large amount of damages which he prayed for, but only a sum which represented the actual value of the plaintiff's stock at the time of the transaction in question as fixed by the testimony of the defendant himself.

The final contentions of the appellant are that the court erred in the refusal to give, or in the modification of, certain instructions requested by him, and in the giving of certain other instructions which appellant insists are merely abstract statements of the law relating to fraud and deceit. As to the first of these contentions we find that the alleged

errors of the trial court had reference to the appellant's claim that this being an action based upon undue influence, it was not maintainable except upon proof of the rescission of the contract obtained thereby. This point has already been disposed of in an earlier part of this opinion.

As to the point that the court's instructions upon the subject of fraud and deceit were merely abstract statements of law, and hence ought not to have been given, we hold that this contention has no merit, since the instructions complained of were not only correct in point of law but had immediate reference to the facts as pleaded and proven in the case.

No error appearing in the record, the judgment is affirmed.

Waste, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 23, 1921.

All the Justices concurred.