[No. 12922.  In Bank. — April 22, 1889.]

# LOUISA H. CHAMPION, APPELLANT, v. F. H. WOODS, RESPONDENT.

FRAUD — MISREPRESENTATIONS OF LAW — MEANS OF KNOWLEDGE. — Misrepresentations as to matters of law afford no ground of redress or relief, unless one of two parties having fiduciary or confidential relations, and possessing a knowledge of the law, thereby obtain an unconscionable advantage of the other, who is ignorant, and had no means of knowledge of the truth. But if the relations of the parties are not fiduciary, and there is no warranty, and means of knowledge of the truth are at hand and equally available to both parties, the injured party must show that he availed himself of such means before he will be heard to say that he was deceived by the misrepresentations of the other party.

ID. — DIVORCE — MISREPRESENTATIONS OF HUSBAND AS TO COMMUNITY PROPERTY — NEGLIGENCE OF WIFE. — Misrepresentations by a husband to his wife, made prior to her suit for a divorce, to the effect that all the property he owned and had acquired since marriage was his sole and separate property, relying upon which she was induced to allege in her complaint for divorce that there was no community property, and to omit from her decree of divorce any relief respecting the same, are mere misrepresentations of law as to the rights of the parties, and afford no ground for relief in a subsequent action, commenced three years and a half later, to reach the community property after the husband's death, — the wife's failure to obtain independent advice and information as to her property rights in the hostile proceeding for a divorce being inexcusable carelessness.

JUDGMENT — RELIEF IN EQUITY — NEGLIGENCE. — Relief in equity against a judgment on the ground of fraud will not be granted, unless the party seeking the same has been free from negligence. If the party injured brought about the judgment through his own carelessness, he will not be relieved therefrom.

APPEAL from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion of the court.

*J. C. Black*, for Appellant, cited *Wells* v. *Yates*, 44 N. Y. 525; *Tefrey* v. *Knickerbocker Ins. Co.*, 8 Fed. Rep. 177; 2 Pomeroy's Eq. Jur., secs. 847, 848; *Blackman* v. *Blackman*, 39 Conn. 320; *Bibend* v. *Kreutz*, 20 Cal. 115; *Ede* v. *Hazen*, 61 Cal. 360; *Love* v. *S. N. L. W. & M. Co.*, 32 Cal. 639; 91 Am. Dec. 602; *Remington* v. *Higgins*, 54 Cal. 625.

*J. B. & Walter A. Lamar*, for Respondent, cited *Mc-Carthy* v. *White*, 21 Cal. 504; *Capuro* v. *Building Ins. Co.*, 39 Cal. 123; *Harris* v. *Taylor*, 15 Cal. 348; 3 Wait's Actions and Defenses, 163 et seq.; *Gifford* v. *Thorn*, 9 N. J. Eq. 702; *Murns* v. *Bucker*, 10 Gratt. 506; *Shricker* v. *Field*, 9 Iowa, 366; *Richmond etc. R. R. Co.* v. *Shipper*, 2 Pat. & H. 327; *Risher* v. *Roush*, 2 Mo. 95; 22 Am. Dec. 442; *Green* v. *Green*, 2 Gray, 344; *Quinn* v. *Wetherbee*, 41 Cal. 250.

PATERSON, J.—On February 4, 1886, the plaintiff herein commenced an action in the superior court of Santa Clara County for a divorce. She alleged in her complaint that there was no common property. On February 18, 1886, a decree was entered therein, dissolving the bonds of matrimony then existing between the plaintiff and her husband, Henry B. Champion, but the court made no reference in its decree to the property.

This action was commenced May 16, 1888. Defendant is executor of the last will of Henry B. Champion.

The complaint alleges, in substance, that plaintiff and H. B. Champion intermarried in the state of Illinois, on the eighteenth day of August, 1873; that her husband was intelligent, and well knew what was common and what was separate property in this state; that plaintiff, during all the time of her residence in this state up to January, 1888, was ignorant of what was common and what was separate property, and of the fact that there existed any common property by reason of the marriage relation; that she always loved her husband, wholly trusted him, looked to him for instruction, believed him honest, reposed unbounded confidence in his integrity; that she and her husband came to the county of Santa Clara in the year 1877, where both parties continued to reside until his death, which occurred August 2, 1887; that they ceased to live together as man and wife on the eleventh day of October, 1884, but in all business matters

plaintiff retained full confidence in her husband's integrity, which confidence continued until his death; that in consequence of such confidence she wholly believed all he said concerning the property and property rights acquired by them after marriage; that her husband "systematically and persistently, and during all the time of their residence in California continously, represented . . . . to plaintiff that the property he owned and had acquired since said marriage was his sole and separate property and estate, and that there was no community property of said marriage; that plaintiff had no interest therein; that all the property owned by him at the time of his death was acquired subsequent to the marriage, and is community property; that all of the representations aforesaid were false, and known by said deceased when made to be false, and they were made to plaintiff from time to time for the express purpose of causing her to believe the same, and she did believe them, to be true; that when she filed her complaint she was wholly ignorant of the facts, and fully believed the property was the separate property of her husband; that in consequence of said false statements and confidence aforesaid, she caused to be inserted in the complaint an allegation that there was no common property; that the decree was entered February 18, 1886, but that the property rights of plaintiff were omitted from the decree wholly by reason of said false and fraudulent representations; that Henry B. died August 2, 1887, and left all the property to H. F. Woods, the defendant, as trustee, who has since been duly appointed executor of the last will and testament. The complaint then gives a description of the property claimed to be the community property, and concludes with a prayer for a decree canceling the decree in the divorce case so far as the same affects the property rights of plaintiff, for an adjudication that she is the owner of one half of the property described, and for an injunction restraining the defendant from delivering

said one half to any other person than plaintiff, and for general relief.

The defendant had judgment in the court below, a general demurrer to the complaint having been sustained, and plaintiff having declined further to amend her complaint. The question before us on this appeal is, whether the complaint states facts sufficient to constitute a cause of action.

It is not claimed in the complaint that any misrepresentations were made as to the amount of property which had been acquired during the marriage. They were misrepresentations as to the rights of the parties with respect to the property,—misrepresentations of law. Generally speaking, deception as to matters of law affords no ground of redress or relief. There are exceptions,— the rule does not apply to transactions between parties holding fiduciary or confidential relations, and where one who has had superior means of information possesses a knowledge of the law, and thereby obtains an unconscionable advantage of another who is ignorant, and has not been in a situation to become informed, the injured party is entitled to relief, as well as if the matters represented were matters of fact.

It is not sufficient under any circumstances that the party complaining was ignorant of the truth of the matter concerning which the representation was made, and that he believed it to be true. His situation may be such that he will be deemed in law to have knowledge of the facts, and barred from making complaint, though actually ignorant of the true state of facts. It is a general principle that if the means of knowledge be at hand, and equally available to both parties, and the subject-matter be open to inspection of both alike, and there be no fiduciary or confidential relation, and no warranty of the facts, the injured party must show that he has availed himself of the means of information existing at the time of the transaction before he will be heard to

say that he was deceived by the misrepresentations of the other party. The fraud must have been practiced under such circumstances as to leave a reasonable inference that the injured party was deceived, and if the circumstances attending the transaction are such as to put a reasonable person upon inquiry, there can be no presumption of deceit.

It seems quite incredible that the plaintiff, while engaged in a hostile action against her husband, could cherish such unbounded love and confidence in him as is set forth in the complaint. For a period of sixteen months before she commenced her action for a divorce she was unable to live with him. His conduct had been such — he had so far forgotten his marriage vows — that she not only could not live with him, but she demanded that the bonds existing between them should be severed. With the improbability of the truth of plaintiff's statements, however, we have little to do in determining whether the facts are sufficient on demurrer; but a stale demand under such circumstances does not commend itself to a court of equity. The plaintiff severed all connection with her husband on October 11, 1884. This action was not commenced until about three years and a half thereafter.

It is clear that the question of property was not overlooked in the divorce suit. There was inserted in the complaint an allegation "that there was no common property." It is not at all probable that the plaintiff drew her own complaint and conducted her own case. The general rule is, that the judgment of a court of competent jurisdiction, having jurisdiction of the subject and the parties, is conclusive upon the same parties in any other proceeding in law or in equity, unless reversed or set aside in some mode prescribed by law. Judgments may be attacked on the ground of fraud and misrepresentation, it is true, but relief will not be granted unless the party seeking the same has been free from negli-

gence. If the judgment has been brought about through the carelessness of the injured party, he will not be relieved therefrom. (*Quinn* v. *Wetherbee*, 41 Cal. 250.) The relations of the plaintiff here with her husband were such that it was negligence, we think, on her part to rely upon him in a matter of so much importance as her property rights. Having determined that the bonds of matrimony must be dissolved, the first thought which would naturally occur to a person of ordinary caution and care would relate to the children, if there were any, and to the property. Plaintiff's failure to obtain independent advice and information was inexcusable carelessness. Something must have been said to her attorney about the property when drawing the complaint. That was the time and the occasion for consultation with her legal adviser as to her property rights. A simple question propounded at that time would have led to a different result.

The fact alleged, "that her husband *systematically and persistently, and during all the time of their residence in California continuously*, represented, declared, and asserted to plaintiff that the property he owned and had since said marriage was his sole and separate acquired property," etc., was sufficient of itself to create suspicion in the mind of plaintiff as a prudent person, and when continued for several years after separation and divorce, to lead her to make some inquiry on the subject.

We agree with the court below that "the complaint fails to show any equities entitling the plaintiff to relief."

Judgment affirmed.

WORKS, J., THORNTON, J., SHARPSTEIN, J., BEATTY, C. J., and McFARLAND, J., concurred.