[S. F. No. 11602.   In Bank.—October 17, 1927.]

## W. T. NULTY, Respondent, v. W. E. PRICE, Appellant.

[1] PROMISSORY NOTES—CONSTRUCTION OF INSTRUMENT—PROMISE TO PAY SUM CERTAIN IN MONEY.—Where an instrument provides: "Two W. T. Nulty I promise too pay for value received 2000 Two thousand dollars of horse hire which I promise to pay" with interest, etc., the instrument is a promissory note, notwithstanding the inclusion of the phrase "of horse hire," as these words are but a description of the source of the consideration for the obligation and are not a designation of payment in services to be performed.

[2] ID.—ATTORNEY'S FEES.—In this suit upon three promissory notes, the first containing the words "any attorneys fees paid," the second, "and attorney fees aded," and the third, "Attorneys fees I promise to pay," the trial court, applying the rule of construction that as defendant himself drafted the instruments any uncertainty existing therein is to be interpreted most strongly against him, properly allowed attorney's fees on each note.

[3] ID.—APPLICATION TO VACATE SUBMISSION AND TO AMEND PLEADING—LACK OF ABUSE OF DISCRETION.—In this action upon certain promissory notes, it is held that the trial court did not abuse its discretion in denying a motion to vacate the submission of the case and allow further proof on the merits, with permission to file an amended answer, on the ground of lack of diligence in presenting the evidence at the trial and the fact that the alleged new evidence was cumulative.

[4] ID.—EVIDENCE—EXECUTION OF NOTES—MENTAL CONDITION OF MAKER.—Evidence of the mental and physical condition of the maker of promissory notes shortly after the event is admissible in a suit upon the notes in which the defendant claims that he was intoxicated at the time he executed them; but where such proffered evidence was at the most cumulative and it cannot be said that if the court had considered the same the result would have been different, the rejection of the evidence is not prejudicial error.

(1) 4 C. J., p. 848, n. 36; 8 C. J., p. 130, n. 67, p. 132, n. 84. (2) 8 C. J., p. 85, n. 60, p. 1097, n. 97.   (3) 31 Cyc., p. 403, n. 18; 38 Cyc., p. 1939, n. 4.   (4) 4 C. J., p. 1019, n. 76; 8 C. J., p. 1020, n. 7.

1.  See 19 Cal. Jur. 946.

2.  See 6 Cal. Jur. 307; 19 Cal. Jur. 831; 3 R. C. L. 871, 872; 6 R. C. L. 854.

3.  See 2 Cal. Jur. 904; 24 Cal. Jur. 769.

4.  See 2 Cal. Jur. 1022; 10 R. C. L. 835.

APPEAL from a judgment of the Superior Court of Contra Costa County. J. A. Smith, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

R. P. Henshall for Appellant.

Thos. D. Johnston, J. E. Rodgers and A. F. Bray for Respondent.

SHENK, J.—This is an appeal from a judgment in favor of the plaintiff on three promissory notes dated December 11, 1920. Each note was signed by the defendant as maker. The first one sued on was made in favor of Anna Nulty, wife of the plaintiff, in the sum of $6,225, and was assigned to the plaintiff before the action was commenced. The second and third notes were made in favor of the plaintiff in the sums of $2,000 and $5,072.90, respectively. In his answer the defendant admitted that he had signed said notes, but alleged as to all of them that they were signed when he "was incapacitated and weak from intoxication and unable to act for himself and done under threats of great bodily harm to defendant made by said Anna Nulty and others then and there present and the plaintiff herein. Said threats were made before and at the time of the signing of said instruments and the same were signed by said defendant in the belief that he could escape great bodily harm only by signing the same." As to the first and third notes, it was alleged in the answer that they were made without consideration. The court, sitting without a jury, found these allegations of the answer to be untrue and entered judgment for the full amount of the principal sums, interest, attorneys' fees, and costs. As to the findings on the alleged incapacity and want of consideration, the defendant contends that they are wanting in sufficient evidentiary support. The evidence on those issues is voluminous and presents a conflict of a very material character. The trial court was the judge of the credibility of the witnesses. Assuming that we have under present law the power to make findings, in a case such as the present one, contrary to those made by the trial court, we do not feel

warranted in doing so on the evidence presented by the record.

[1] The note set forth in the second count provides: "Two W. T. Nulty I promise too pay for value received 2000 Two thousand dollars of horse hire which I promise to pay" with interest, etc. It is contended that this is not a promissory note by reason of the inclusion of the phrase "of horse hire." No question of the negotiability of the note is here involved, as the action is between the payee and the maker. The point is that the obligation is not one for the payment of "a sum certain in money." (Civ. Code, sec. 3082.) The complaint alleged in the second count that the defendant "made a certain promissory note in writing," further describing it and then setting forth a copy thereof in full. This allegation was not denied and the plaintiff insists that the defendant is now in no position to urge the point. Assuming for the purpose of this case that the admission is not binding on the defendant in the presence of a copy of the note in the pleading, it is clear that the words "of horse hire" are but a description of the source of the consideration for the obligation and are not a designation of payment in services to be performed. (See *Womack* v. *Walling*, 1 Baxt. (60 Tenn.) 425; 8 C. J. 132.) We think the obligation was one to pay $2,000 in money. If there be any doubt as to the meaning of the language on the face of the note, because of ambiguity, and if it might be said that the obligation on the face thereof was to pay $2,000 *worth* "of horse hire," this ambiguity is dispelled in the light of the evidence, which shows that prior to the execution of the instrument the defendant was indebted to the plaintiff on a running account for horses and horse hire, concerning which the note was to constitute a settlement. The parties undoubtedly meant that $2,000 was to be paid in money "for" horse hire.

[2] It is next insisted that in no event should there be a recovery of attorneys' fees. The first note contains the words "any attorneys fees paid." In the second note we find the words "and attorney fees aded." The third note provides: "Attorney fees I promise to pay." There is misspelling in each note and each is inartificially framed. The defendant himself drafted the instruments, and when uncer-

tainty exists therein the language is to be interpreted most strongly against him as the party who caused the uncertainty to exist. (Civ. Code, sec. 1654.) The trial court applied this rule of construction and allowed attorneys' fees on each note. This conclusion seems reasonable in view of the language employed, which indicates clearly that it was the intention of the defendant to pay reasonable attorneys' fees in the event of suit. Taking into consideration the length of the trial and the service performed, the amount fixed by the court does not appear to be excessive. It may also be noted that the complaint in each count alleged that attorney fees were payable and prayed that a reasonable amount be allowed. These allegations were not denied in the answer.

[3] The defendant charges prejudicial error in the denial by the trial court of a motion to vacate the submission of the case and allow further proof on the merits with permission to file an amended answer. The action was commenced in 1920 and was partially tried before a judge who died prior to decision. On retrial five days were occupied in the taking of evidence, after which the case was submitted on briefs in February, 1924. In the month of September following the defendant filed his notice of motion to vacate the submission and to be allowed to file an amended answer. The showing in support of the motion was by affidavit of the defendant and of his former counsel, now deceased, wherein it was alleged that since the submission of the cause the defendant had discovered that three checks, two in the sum of $4.70 and the third in the sum of $267.70, had been made in his favor by the board of trade on March 25, 1919, and had been indorsed by someone by writing his name on the back thereof without his authority, and that he firmly believed said handwriting to be that of Mrs. Nulty. He averred that if these checks passed through his hands they did so at a time when he was intoxicated. He further alleged that two checks in the sum of $264.08 each appeared on the books of the board of trade to have been issued to him, and that the moneys represented thereby had not been received by him and that he verily believed that said checks were indorsed and cashed by Mrs. Nulty and not by himself. It was further alleged that on April 28, 1919, his former attorney delivered to him a check in the sum of $400, and

that this check was indorsed by someone other than himself, whom he believed to be Mrs. Nulty, and likewise that if said checks passed through his hands they did so at a time when he was intoxicated. The affidavit of the former attorney for the defendant corroborated the statement made in defendant's affidavit to the effect that the attorney had issued to him the check for $400, and that the canceled check bears an indorsement not in the handwriting of the defendant. The defendant further stated in his affidavit that the reason why he did not produce evidence concerning these checks was because he was not aware of the facts concerning them when he testified at the trial, and that he must have delivered them to Mrs. Nulty, who cashed them. There was evidence that the defendant authorized Mrs. Nulty to indorse checks for him and deposit the amounts thereof in the bank to his credit or cash the same and make payments therefrom on his behalf. In the proposed amended answer the defendant sought to set up a confidential relationship between himself and Mrs. Nulty, and that the latter appropriated money to her own use, the amount being unknown to the defendant. These allegations were in the nature of allegations to conform to the proof. The trial court ruled on the motion by a formal order of denial without stating the reasons for the order, but it is apparent from the record, which includes numerous items of account covering some eighty-five pages of the transcript and involving large sums of money, that the motion was denied because of lack of diligence in presenting the evidence at the trial, and that the alleged new evidence was cumulative. We find no abuse of discretion in the denial of the motion.

[4] In a supplemental brief the defendant further objects to rulings of the trial court relating to evidence tending to show the mental and physical condition of the defendant resulting from intoxication subsequent to the time the notes were signed. Evidence of mental and physical condition shortly after the event is admissible (*Estate of O'Connor*, 51 Cal. App. 339 [196 Pac. 792], and cases cited); but this proffered evidence was at the most cumulative and it cannot be said that if the court had considered the same the result would have been different.

As no prejudicial error is found in the record, the judgment is affirmed.

Richards, J., Curtis, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.