[Civ. No. 5637.   Third Appellate District.—December 10, 1936.]

GEORGE FINCH et al., Appellants, v. SAMUEL J. Mc-
KEE et al., Respondents.

Frank E. Downey for Appellants.

Carl E. Cameron for Respondents.

THOMPSON, J.—The plaintiffs have appealed in this action for damages for fraud alleged to have been exercised in procuring an exchange of real properties from a judgment of dismissal which was rendered after a demurrer to the complaint had been sustained without leave to amend the pleading. The judgment was entered two days after the service of notice of the order sustaining the demurrer.

The complaint contains four counts. The first cause of action alleges that the plaintiffs owned 160 acres of land in Tulare County, of the value of $30,000, subject to a mortgage of $5,000, and that the defendants, Samuel J. and Nellie McKee, husband and wife, were the owners of certain lots in Long Beach, upon which there was constructed a brick drive-in market and garage, worth not to exceed $25,000; that by means of fraudulent representations the plaintiffs were persuaded to and did exchange their farm for the Long Beach property December 19, 1929, paying the defendants the additional sum of $25,000, which was represented by a promissory note for that amount, secured by a deed of trust on those lots; that they invested the additional sum of $15,200 in making necessary improvements on the property, and executed several ten-year leases of portions thereof for the aggregate rental of $535 per month; that the building was seriously damaged by the earthquake which occurred in that vicinity March 10, 1933, and it was therefore condemned by the city authorities as dangerous; that the plaintiffs were unable to procure means with which to rebuild or repair the building, and thereby lost their tenants and the entire income from the property; that for the first time after the walls of the building were cracked and shattered by the earthquake they discovered the inferior and defective nature of the structure and the fraudulent representations with respect to the cost and character of the construction of the building, and they thereupon promptly demanded of the defendants the cancellation of their note and trust deed, together with other damages sustained; that

these demands were refused, and the defendants then foreclosed the trust deed and plaintiffs lost their property.

Among the numerous specifications of fraud and misrepresentations which are alleged to have induced the exchange of properties are the following positive and definite statements: That the building actually cost defendants $22,000; that it was constructed according to the plans and specifications therefor on file in the city engineer's office, in strict compliance with the ordinance of the city of Long Beach; that it was constructed with high-grade materials in first-class manner; that there was no better building of that type in Long Beach; that it would withstand earthquakes, and that the property was worth $50,000.

The complaint alleges that these statements were false; that they were known to the defendants to have been false, and were made to deceive and defraud the plaintiffs; that relying upon those statements as true the plaintiffs exchanged their Tulare farm for the Long Beach property and executed and delivered their note and trust deed for $25,000, as part payment therefor; that they failed to discover that the statements were false until the walls of the building were cracked and shattered by the earthquake, disclosing, for the first time, that the building was not a first-class structure conforming to the specifications and ordinance, as represented, but, on the contrary, that it was poorly and defectively built of inferior materials and that it was not in compliance with the specifications for the reasons that Portland cement was not used in the mortar, unscreened beach sand was employed instead of clean, rough sand of a specified grade, the mortar which was used was inferior, deteriorated, loose and crumbling, the brick walls were laid without the prescribed header courses, no mortar was used between courses of brick, no anchors were attached to the frame of the structure, and the building did not cost more than $12,000.

The suit for damages was brought. A general and special demurrer to the complaint was sustained without leave to amend the pleading. Two days after the notice of sustaining the demurrer had been served the judgment dismissing the action was rendered. From that judgment the plaintiffs have appealed.

The complaint is not skilfully drawn. Its allegations are prolix and uncertain regarding some of its features. If it were the intention to plead a cause of action for the rescission of the note and trust deed, it would be necessary to allege an offer to restore to the respondents title to the Long Beach property. But the bringing of a suit for rescission was evidently not the purpose of the pleader. In our opinion the complaint states a good cause of action for fraud and deceit. The demurrer was not presented on the ground of uncertainty. It merely asserts that the complaint fails to state a good cause of action, and that a suit for damages for fraud is improperly united with an action to cancel the trust deed.

There is no merit in the charge that the complaint improperly unites two conflicting causes of action. The respondents make no such contention in their briefs on appeal. It is evident the plaintiffs did not attempt to plead an action to rescind the note and trust deed. They do not ask to have the title to their 160-acre ranch restored to them. In effect, they request that the amount of damages which may be ascertained be credited on the note and that if the damages exceed the amount of the note, that it be then canceled. The complaint does not improperly unite conflicting actions. The execution of the note and trust deed was a part of the transaction resulting in the exchange of properties concerning which the alleged fraud was practiced. Various causes of action "arising out of the same transaction" may be properly joined. (Sec. 427, Code Civ. Proc.; *Divani* v. *Donovan*, 214 Cal. 447 [6 Pac. (2d) 247].) It was not necessary for the plaintiffs to rescind the exchange of properties. They have the option to retain the Long Beach lot and sue for damages sustained on account of the alleged fraud and deceit. (*Paolini* v. *Sulprizio*, 201 Cal. 683, 685 [258 Pac. 380].) Apparently that is exactly what they tried to do by means of this action.

It may be conceded the respondents' statements that the store in question was a first-class structure equal to the best building of that type in Long Beach, that it would withstand shocks of earthquake, and that it was worth $25,-000, were mere expressions of opinion which do not furnish grounds for damages in a suit for fraud and deceit. Fraud may not ordinarily be predicated on mere statements of

opinion regarding the value, general character or stability of a building, even though such assertions are greatly exaggerated. Since it is difficult to distinguish between expressions of honest convictions respecting the stability, value or adaptability of property, and false representations of an owner regarding those matters, they are charitably considered mere expressions of opinion which will not afford grounds for suit. Usually a purchaser is charged with knowledge of such excess enthusiasm and human frailty on the part of a vendor, for which he must make due allowance, and he is deemed to accept as true such representations, amounting to mere judgment or opinion, at his own peril. (12 R. C. L., p. 244, sec. 14, and p. 279, sec. 44; 26 C. J. 1087, sec. 25.)

The mere statement that the building in question was constructed earthquake proof is a matter of pure speculation or prophecy. Every person of common understanding knows it is impossible to estimate the destructive forces of nature accompanying earthquakes, tornadoes, cyclones, storms or floods. No human being could have prophesied the serious damages which resulted to first-class buildings in San Francisco, Santa Rosa and San Jose from the earthquake of 1906. Nor could one foretell the damages which resulted to the structures in Long Beach and that vicinity from the earthquake of 1933. Such statements were pure speculations upon which no purchaser had a right to rely. It may be true that the Long Beach building would have been destroyed by the earthquake of 1933 regardless of the quality of the material or the character of the work which was employed in its construction. ■ But it is specifically alleged that inferior materials and workmanship were employed in the construction of the building, contrary to the specifications therefor and to the requirements of the ordinance of the city, and that neither the character of the structure nor the cost thereof was in accordance with the representations falsely made by the respondents. The question as to whether the building would have withstood the earthquake if it had been constructed of first-class materials in the manner required by the specifications and the city ordinance, that is to say, the question as to whether it was destroyed by an act of God, or because of the contributing negligence and inferior workmanship of man, is a problem

for the determination of the jury. (1 Cal. Jur. 386, sec. 3.) In the authority last cited it is said in that regard:

"If the act of God would not have caused the damage but for the intervention of human agency, there is no exemption from liability by reason thereof. . . .

"The question of whether an accident was the result of an act of God, a cause wholly beyond human control, or the direct result of other causes, is one particularly within the province of the jury to decide."

In the present case the respondents assume that the cause of action which is stated in the complaint is predicated wholly on the alleged statements that the Long Beach building was a first-class structure equal to the best buildings of that type in the city; that it would withstand shocks of earthquakes and that it was worth $50,000. If these were the only statements of alleged fraud contained in the pleading, we should feel impelled to affirm the judgment on the ground that they constitute mere expressions of opinion. But they are not the only material statements of alleged fraud which are contained in the pleading. The complaint specifically alleges that the respondents falsely represented that the building was constructed in accordance with the specifications therefor on file in the city engineer's office, and with the city ordinance, and that it actually cost them $22,000. It is then specifically stated wherein the materials and the method of construction of the building were inferior to those required by the specifications and ordinance, and that the building did not cost to exceed the sum of $12,000. These averments, if true, may constitute fraud and misrepresentations furnishing adequate basis for damages in a proper suit.

We are therefore of the opinion the court erred in sustaining the demurrer to the complaint. At least the court abused its discretion in sustaining the demurrer without leave to amend the pleading.

The judgment is reversed, and the court is directed to vacate the order sustaining the demurrer and enter an order overruling the demurrer, or, if the plaintiffs desire to amend their complaint to eliminate suggested uncertainties therein contained then the court is directed to make an appropriate order permitting them to do so.

Plummer, J., and Pullen, P. J., concurred.