[Civ. No. 18915. Second Dist., Div. Two. Oct. 8, 1952.]

FRANCES AGNEW, Appellant, v. GEORGE T. FOELL
et al., Respondents.

Cuthbert J. Scott for Appellant.

Ogden, Crocker & Steelman, Irsfeld & Irsfeld and James
B. Irsfeld, Jr., for Respondents.

MOORE, P. J.—Appellant is displeased with a judgment
denying her relief in an action for damages resulting from
respondents' alleged misstatements which she asserts induced
her to sell certain realty at less than its reasonable market
value.

The property involved is on Ramage Street in West Holly-
wood. Appellant completed the purchase thereof early in
1943 for a total cash outlay of $5,000, assuming a mortgage
of $2,500. At that time she had known Messrs. Foell and
Ralston about six years. The former was a licensed real estate
broker; the latter was manager of a branch bank in Hollywood

where for some years appellant had done her banking. After a long and protracted discussion of the sale of the property, on her own volition she finally on July 22, 1943, decided to list it with Foell for sale at $12,000. On receipt of her letter he replied that it would be "well sold if we could get $12,000." A sale was made on August 14, 1943, and an escrow was opened with another branch of the same bank. It was promptly advertised by the buyer who resold it for $13,500. Appellant at once concluded that she had been swindled and sought the advice of Ralston as to whether she could get released from the transaction. She testified that he advised her she would have to complete the sale; that if she tried to withdraw she would be sued. However, she had already signed amended escrow instructions and the sale was on its way to final consummation.

Appellant deems herself aggrieved, claiming that (1) Mr. Foell was her confidential agent, (2) he and Mrs. Foell told her the value of income-bearing real estate is ascertained by multiplying the gross income by "four and not over five"; (3) they had full knowledge of the properties on Ramage Street and the fair market value for her place was $12,000; (4) it could not be sold for more than that sum and it would be for her best interest to sell for $12,000. She made similar charges against Ralston who, she claims, was subservient to Foell for the purpose of gaining the latter's assistance in selling certain properties. Other alleged misrepresentations attributed to Ralston are: (1) it would be to appellant's best interest to give Mr. Foell an exclusive agency to sell at $12,000; (2) income from a trust deed at 6 per cent would be better than ownership of the realty.

Following a trial the court made findings adverse to all the claims of appellant and in favor of respondents. They cannot be disturbed if substantial evidence is found in support of them. (*Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689].) Respondents are entitled to every reasonable inference (*Drabkin* v. *Bigelow*, 59 Cal.App.2d 68, 74 [138 P.2d 750]), and the appellate court can consider only evidence favorable to the judgment. (*Wood* v. *Samaritan Institution, Inc.*, 26 Cal.2d 847, 849 [161 P.2d 556].)

Appellant contends that the trial court ignored the fact that a confidential relationship existed between herself and Messrs. Foell and Ralston. By reason of such relationship she argues that a presumption of unfair dealing was present and that it was not overcome. That there was no substantial

evidence of a fiduciary relationship as to Ralston will readily be seen. She was advised by Foell to talk with Ralston. The latter visited her once while she was confined to a hospital; he accompanied her once to an X-ray laboratory; he advised her to give Foell an exclusive listing and that it was time to sell. Such evidence is insufficient proof of a fiduciary relationship. It is a presumption that a person is innocent of crime or wrong and that private transactions have been fair and regular. (Code Civ. Proc., § 1963, subds. 1, 19.) Fraud is never presumed. The burden of proving it rests on him who asserts it. (Code Civ. Proc., § 1963; *Dorn* v. *Pichinino,* 105 Cal.App. 2d 796, 801 [234 P.2d 307].) While appellant now makes no claim of any representation of Foell as to depreciation of her property, yet he testified that in computing its value by means of its replacement value, he gave consideration to its age and depreciation. In this he was supported by expert witnesses. There was no contradictory testimony. The value of the property at the time of the sale was established by four witnesses at $12,000 or less.

Respondents expressly denied having advised appellant that she was legally bound to proceed with the sale. But if they had given her such advice, it would have been in accordance with the Civil Code and *stare decisis.* In the absence of a mutual rescission, there was no basis for appellant's release from her sale. ■ Furthermore, a legal opinion by a layman cannot constitute the basis of recovery for fraud. (*Finch* v. *McKee,* 18 Cal.App.2d 90, 93 [62 P.2d 1380]; *McDougall* v. *Roberts,* 43 Cal.App. 553, 557 [185 P. 483].) Ralston denied having stated to appellant that she could not withdraw from the escrow or that when she dealt with the bank he managed she did not need an attorney. Even so, such statements are opinions and are not a basis for relief on the ground of fraud. (*Finch* v. *McKee, supra.*) It is, therefore, to declare the obvious that if the charges of overreaching are actionable, the findings as to both Ralston and the Foells are supported by substantial evidence and accordingly they cannot be set aside. (*Dorn* v. *Pichinino, supra,* 807.)

Appellant also urges error in the exclusion of evidence offered by her, to wit, (1) the property was resold in May, 1945, for $16,000, and (2) in May, 1946, for $20,000. Such evidence was not introduced to show value in 1943, but to demonstrate that the trend of real estate values was con-

sistently upward. Such evidence was too remote to be relevant; but if it were admissible, it had already been established by the uncontradicted testimony of Mr. Foell. ██ Hence, even assuming, *arguendo*, that the evidence was otherwise properly admissible, it was merely cumulative and its exclusion was harmless error. (*Nulty* v. *Price*, 202 Cal. 279, 283 [260 P. 291]; *Black* v. *Black*, 91 Cal.App.2d 328, 336 [204 P.2d 950].)

Judgment affirmed.

McComb, J., and Fox, J., concurred.

A petition for a rehearing was denied October 24, 1952, and appellant's petition for a hearing by the Supreme Court was denied December 4, 1952.