[Civ. No. 28942.   Second Dist., Div. Four.   Nov. 29, 1966.]

ORANGE COUNTY ROCK PRODUCTS CO. et al., Plaintiffs and Appellants, v. COOK BROS. EQUIPMENT CO. et al., Defendants and Respondents.

Leonard B. Hankins for Plaintiffs and Appellants.

Getz, Aikens, Manning & Murphy and George E. Leaver for Defendants and Respondents.

BISHOP, J. pro tem.*—The plaintiffs, corporations with common problems, joined in this action, each plaintiff seeking to recover damages on two counts, one based on fraud and one based on a breach of warranty. On plaintiffs' own motion the fourth, fifth and sixth counts (the warranty counts) were dismissed. Then, on the defendants' motion, the trial court granted a judgment on the pleadings and plaintiffs appealed. We have come to the conclusion that the remaining fraud counts state, at best, only outlawed causes of action, and we are of the opinion that it was not shown to be reversible error to deny plaintiffs' belated motion to amend their first amended complaint, so we are affirming the judgment.

The tales told in the three fraud counts begin back in 1951, but the first count has chosen to deal with the activities of plaintiff Orange County Rock Products Company which took place in 1954 and 1955, more than three years before July 1959, when this action was commenced. In June of 1954 this plaintiff entered into written contracts with the defendants whereby two dump trucks were leased by the plaintiff. Near

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

the end of December 1955, under another agreement, the plaintiff again leased two dump trucks. Each of these leases called for the payments of a monthly rental and there were paid: $5,180 during 1954; $8,540 in 1955; and $2,000 in the year following.

The second count relates the troubles of plaintiff John and Wade, Inc. In March of 1951 this plaintiff leased from the defendants a new Ford F-7 chassis at a monthly rental, paying in 1951 and 1952 over $5,000 rent. In June of 1951 a new cab and chassis were leased, and in that and the next year over $6,000 rent was paid.

The third count is devoted to Sierra Rock Products Co. and to its leases with the defendants, which covered three different machines, leased in January of 1952, August of 1953 and March of 1954, the total rental falling just a little short of $100,000.

Going back to the first count, we find these allegations in paragraph VII: "That the defendants and each of them falsely and fraudulently and with the intent to deceive and defraud plaintiff, represented to plaintiff that all sums of money paid by plaintiff to defendants under the terms of the said lease agreements were allowable deductions from gross income in computing taxable income under the Internal Revenue and California Income Tax laws; defendants further falsely and with the intent to deceive and defraud plaintiff, represented to plaintiff that said defendants had obtained a ruling from the U.S. Treasury Department wherein the U. S. Treasury Department had ruled that any money paid under said lease agreements were deductible from gross income in computing taxable income."

The allegations just quoted are incorporated in each of the other counts by reference. Then follow avowals by the plaintiffs that they relied on these two statements, which were known by the defendants to be false.

We note at this point a principle which has to do with the effect of the alleged representation that the rentals paid under the leases could be deducted from the gross income in figuring both the federal and the state income taxes. This representation can only be understood as meaning that, under the governing laws, the expenditures could be deducted from the gross income as a step in arriving at the amount of its income tax. ▆▆ But, standing alone, such a representation would not be a basis for a fraud action, for the reason that ". . . a legal opinion by a layman cannot constitute the basis

of recovery for fraud." (*Agnew* v. *Foell* (1952) 113 Cal.App. 2d 575, 577 [248 P.2d 758, 760].) Again we read in *Smith* v. *Brown* (1943) 59 Cal.App.2d 836, 838 [140 P.2d 86, 87], where the subject was a fraud action: "Nor may [the plaintiff] recover where the alleged misrepresentations by one occupying no confidential relation toward him are but expressions of opinion, or statements of law, based upon facts known to both alike. [Citing cases.]"

See also, *Perlick* v. *Pacific Discount Corp.* (1942) 53 Cal. App.2d 136, 141 [127 P.2d 647, 649], citing *Bank of America* v. *Sanchez* (1934) 3 Cal.App.2d 238, 242 [38 P.2d 787].

The statement concerning the requirements of the income tax laws does not stand alone, however, for there was also the claim, on plaintiffs' part, that they had been informed, by the defendants, that the latter had obtained a ruling from the U. S. Treasury Department that supported their representations as to the deductions. It is quite possible that this, if true, would justify the plaintiffs in relying on defendants' statement as to the lawfulness of deducting the rents. ■ The situation thus presented makes of interest this statement in *Bank of America* v. *Sanchez, supra,* (1934) 3 Cal.App.2d 238, 242 [38 P.2d 787, 789]: "It is undoubtedly the general rule that deception as to matters of law does not amount to fraud. . . . But this rule, like many others in law, has its exceptions. One . . . arises . . . where one who has had superior means of information possesses a knowledge of the law and thereby gains an unconscionable advantage of another who is ignorant and has not been in a situation to become informed."

It is possible, therefore, that the two statements, taken together—that of defendants' opinion that the charges paid under the rental agreements would be deductible and defendants' representations that they had received an official ruling to that effect—did constitute a fraudulent representation sufficient for the basis of a fraud action. In any event we shall proceed on the theory that the judgment is not to be reversed because plaintiffs have failed to state facts sufficient to uphold their causes of action for fraud. This still leaves for consideration the sufficiency of those causes to escape the claim that they are barred by the statute of limitations.

We entertain no doubt that the question of the statute of limitations is present and is vital in this case. The third affirmative defense, so called, in defendants' answer declares:

"That the first, second and third causes of action do not state facts sufficient to constitute a cause of action . . . in that it appears that the causes of action are barred by the provisions of Section 338 of the California Code of Civil Procedure." This section prescribes three years for the commencement of seven different causes of action, that appearing in the fourth subdivision of the section being: "An action for relief on the ground of fraud or mistake. The cause of action in such case not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Any doubt of the sufficiency of this as a pleading, in view of the absence of any reference to the subdivision,[1] may be left unresolved because in the pretrial conference order it is stated: "No law and motion matters are pending, or likely, except that counsel for defendants will move the trial court for an order excluding all evidence . . . upon the further ground that the complaint fails to state a cause of action due to the running of limitations thereon."

The pretrial proceedings left no reason to doubt the propriety of the procedural steps that took place at the trial. These we learn about from the judgment, which recites: "At the outset of the trial . . . defendants objected to the introduction of any evidence on the first three causes of action, on the ground that said causes of action failed to state facts sufficient to state a cause of action by reason of the provisions of California Code of Civil Procedure, Section 338, Subdivision 4, and defendants moved the court for judgment for defendants on the pleadings, and said motion was granted by order of this Court, . . ." The judgment that the plaintiff take nothing was thereupon entered.

The principle by which we are to judge the correctness of the court's ruling is not of recent invention. It will be found, discussed at quite some length, in *Consolidated Reservoir & Power Co. v. Scarborough* (1932) 216 Cal. 698, 701-703 [16 P.2d 268, 269-270], following these introductory words: "The rules of pleading governing the statement of a cause of action for fraud committed more than three years prior to the commencement of suit are now well settled." We find, as stated a bit later in *Hobart v. Hobart Estate Co.* (1945) 26 Cal.2d 412, 437 [159 P.2d 958, 972]: ▪ "The provision

---

[1]Code Civ. Proc., § 458 directs that ". . . it may be stated generally that the cause of action is barred by the provisions of section —— (giving the number of the section and subdivision thereof, . . .)."

tolling operation of the statute until discovery of the fraud has long been treated as an exception and, accordingly, this court has held that if an action is brought more than three years after commission of the fraud, plaintiff has the burden of pleading and proving that he did not make the discovery until within three years prior to the filing of his complaint.'' One more quotation should suffice, this, taken from *Allen* v. *Ramsay* (1960) 179 Cal.App.2d 843, 851 [4 Cal.Rptr. 575, 581] : ''In Witkin, California Procedure, volume II, at page 1465, it is stated in part as follows: 'The injured party may bring an action based on fraud or mistake more than 3 years after the transaction *if he shows that he did not discover the facts, and could not with reasonable diligence have discovered them, prior to 3 years before the suit.* (See Actions, § 143 et seq.) (Emphasis added.)

'' '*The showing of excuse for late filing must be made in the complaint.* Formal averments or general conclusions to the effect that the facts were not discovered until a stated date, and that the plaintiff could not reasonably have made an earlier discovery, are useless. The complaint must set forth specifically (1) *the facts of the time and manner of discovery; and* (2) *the circumstances which excuse the failure to have made an earlier discovery.* (Emphasis added.)' [Citations.] ''

Applying the standard thus set up for plaintiffs' pleading, there is no doubt that it falls far short, and the trial court ruled properly. Indeed, there is not even a pretense of showing that the plaintiffs ever discovered the essential part of the fraud of which they complain—that is, that it was not true that the defendants ''had obtained a ruling from the U. S. Treasury Department wherein the U. S. Treasury Department had ruled that any money paid under said lease agreements were deductible from gross income in computing income.'' To be sure, plaintiffs were given a different ruling later, but this fact has no bearing on the question : when and how did plaintiffs discover that defendants had not obtained the ruling plaintiffs aver that the defendants told them that they (the defendants) had received.[2] As always, it is difficult to point to the page and line where something essential does not appear.

---

[2]That plaintiffs received an adverse ruling at a later date does not mean that defendants had not received a different and favorable ruling at an earlier date; nor does the allegation, as made, foreclose the possibility that defendants had received a ruling of some sort which they had misinterpreted. In the latter case, the misrepresentation would, of course, be one of law and governed by the principles hereinabove discussed.

We are not quoting the first amended complaint at length to fortify our statement that it just does not contain the allegations required.

■ One other question remains for our consideration: Did the trial court err in denying plaintiffs' motion for leave to amend, made at the time of trial? Warning was specifically given, in the pretrial order, made a year and a half before the trial occurred, that the defendants were going to object to the introduction of any evidence because "the complaint fails to state a cause of action due to the running of limitations thereon." We know of no requirement that calls for the points and authorities that are to be made use of to be, in support of an objection, included in the pretrial proceedings.

Morever, we are given no hint as to any ground that may have been advanced in support of plaintiffs' motion for leave to amend. We do note in the notice to clerk to prepare clerk's transcript on appeal, the plaintiffs requested: "7. Plaintiffs' proposed Amendment to the 1st Cause of Action, paragraph XII of the First Amended Complaint," but no such document appears in the record on appeal. The county clerk, under date of November 16, 1964, certified that his notice to the parties that he had completed his transcript on appeal brought no request for corrections. In the premises we cannot say that the trial court committed prejudicial error in denying plaintiffs' motion, made May 25, 1964, to amend its first amended complaint, filed December 29, 1959.

The judgment is affirmed.

Jefferson, Acting P. J., and Kingsley, J., concurred.

A petition for a rehearing was denied December 28, 1966, and the opinion was modified to read as printed above. Appellants' petition for a hearing by the Supreme Court was denied January 25, 1967.