[Civ. No. 38619. Second Dist., Div. Four. Feb. 14, 1972.]

BERNARD B. KATZ, Plaintiff and Appellant, v.
SAUL FELDMAN et al., Defendants and Respondents.

[Civ. No. 38620. Second Dist., Div. Four. Feb. 14, 1972.]

BERNARD B. KATZ, Plaintiff and Appellant, v.
SAUL FELDMAN, Defendant and Respondent.

(Consolidated Cases.)

## COUNSEL

Martin S. Stolzoff and Franklin M. Desser for Plaintiff and Appellant.

Bernard Reich for Defendants and Respondents.

## OPINION

**KINGSLEY, J.** — These two cases—in which consolidated briefs were authorized and which we deal with in this one opinion—arise out of transactions between the parties relating to the merger of KMS Industries, Inc., with Heliodyne Corporation, in which transactions plaintiff Katz and his fellow plaintiffs (in No. 964,840) allege that they were defrauded. Superior court case No. 962,159 (our case No. Civ. 38619) was brought by Katz, only, against defendant Feldman and against Feldman and his wife as trustees of a private trust. Superior court case No. 964,840 (our case No. Civ. 38620) was brought by Katz and five other persons against Feldman, only. So far as these appeals are concerned, we need state only that, in case No. 962,159, Katz alleged, in a verified complaint, that, as an inducement to Katz to agree to the merger, Feldman had promised that Katz would be the person in active charge of the merged companies, whereas in case No. 964,840, Katz (in an unverified complaint) alleged that Feldman had promised to be the active manager of the merged companies. In addition, in case No. 962,159, Katz sought recovery of $6,500 allegedly paid to Feldman on the latter's representation that it was to be used to pay gift taxes on certain stock passing to Katz in the deal.

Calling pointed attention to the inconsistency[1] between the two cases in the allegations as to the person who was to become the active manager, defendants sought, by sundry motions in the trial court, to strike those allegations as sham. They also demurred to the counts in case No. 962,159, dealing with the $6,500 item. Ultimately, the trial court dismissed case No. 964,840 as to Katz only, struck the counts in case No. 962,159

---

[1] The record indicates that Katz sought in the trial court to amend his pleadings so as to explain the alleged inconsistency. The request was denied. As indicated below, we think that Katz should be given one more chance to amend his pleadings in this and other respects. For the purpose of this appeal, we look only to the pleadings as they now stand and accept, for the purpose of the appeal, the interpretation as to inconsistency that was adopted by the trial courts. We express no opinion either as to the accuracy of that finding of inconsistency or as to the adequacy of Katz' attempted reconciliation of the present allegations.

relating to the alleged promise to utilize Katz as active manager, sustained demurrers to the counts in that case relating to the $6,500 item, and dismissed that case also. Katz has appealed;[2] we reverse.

## I

█ Much of the unduly long and confused briefs tendered to us deals with Katz' contention that the trial court's rulings involved serious procedural errors such as (if we understand his briefs) made the orders appealed from void and therefore reversible. We see no need to explore the issues thus pressed on us, because we conclude that, even assuming no procedural errors, the rulings were erroneous on the merits.

## II

█ The order striking counts I and II from the complaint in case No. 962,159, and the order dismissing case No. 964,840, admittedly were based solely on the holding that, because of the alleged inconsistency above set forth, all those allegations were sham. That theory is explicitly set forth in the minute order dismissing case No. 964,840, as follows:

"The Complaint is fatally inconsistent and antagonistic to the complaint in Los Angeles Superior Court case #C 962 159. Plaintiff, Katz, seeks to plead a cause of action against defendant by alleging false promises of defendant to use personal, active and diligent efforts to oversee the Heliodyne division, increase its sales and effect mergers. (Paragraph #VII)

"However, in #C 962 159, plaintiff alleges (Paragraph V) that defendant had many entanglements with government agencies, that Heliodyne was going downhill, that its key people no longer trusted defendant, that only plaintiff could reverse the financial course of Heliodyne, and that defendant 'was going to take the KMS deal and *run.*'

"Such allegations clearly negative any possible contention that defendant was to remain active in any manner in Heliodyne.

"Plaintiff offers no explanation as to why a ½ million dollar cause of action (#C964 840) was overlooked when he filed #C962 159 only

---

[2]We note that defendant Feldman argues that the order of dismissal in case No. 964,840 is not appealable. However, the record shows a formal order of dismissal, signed by the judge in that case. Such an order is appealable under Code of Civil Procedure section 581d. Even though the case is left open as between Feldman and the other plaintiffs (who are not tarred with Katz' inconsistent allegations), the judgment against Katz is final as to him. That is all that the so-called "final judgment" rule requires. (*Rocca* v. *Steinmetz* (1922) 189 Cal. 426, 428 [208 P. 964]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 42, p. 4057.)

5 weeks earlier based on the same transactions, and prayed only for $6,500.00 and 228 shares of Stock."

However, while a party may not allege inconsistent facts in his pleading in the same case (*Reichert* v. *General Ins. Co.* (1968) 68 Cal.2d 822, 836 [69 Cal.Rptr. 321, 442 P.2d 377]; *Faulkner* v. *Cal. Toll Bridge Authority* (1953) 40 Cal.2d 317, 328 [253 P.2d 659]), inconsistent allegations in separate actions create, at the most, only "evidentiary admissions," which, *if verified,* can be used by the adversary only to impeach the pleader or to rebut his contentions as unfounded in fact. (*Jones* v. *Tierney-Sinclair* (1945) 71 Cal.App.2d 366, 374 [162 P.2d 669]; *De Bock* v. *De Bock* (1919) 43 Cal.App. 283, 290 [184 P. 890]; Witkin, Cal. Evidence (2d ed. 1966) §§ 501-503, pp. 472-474.) The inconsistency, no matter how glaring, is not a basis for a motion to strike[3] or for a dismissal.

## III

■ The demurrers to counts III and IV of case No. 962,159 (involving the $6,500) were sustained on the theory that the representation therein alleged was as to a matter of law. However, misrepresentations of law are actionable if a fiduciary relationship is alleged. (*Bank of America* v. *Sanchez* (1934) 3 Cal.App.2d 238, 243 [38 P.2d 787].) Although the allegations in Katz' complaint were open to attack as not stating in detail the facts from which a fiduciary relationship would follow, that was a defect which he should have been allowed to remedy. It is clear that the trial court's ruling was not based on that defect but on the erroneous theory that misrepresentation as to a matter of law could never support a claim of fraud.[4]

The motion to dismiss the appeal in case No. 38620 is denied. The order and the judgment appealed from are reversed; the cases are re-

---

[3] Assuming that such a motion still exists in California in light of the opinion in *Vesely* v. *Sager* (1971) 5 Cal.3d 153, 167-169 [95 Cal.Rptr. 623, 486 P.2d 151]. As we state in the text, we need not decide that issue in this opinion.

[4] If we understood him, counsel for Feldman contended, at oral argument, that the trial court erred in overruling demurrers to the causes of action in case No. 962,159 which it thereafter struck as sham. Citing Code of Civil Procedure section 906, and 6 Witkin, California Procedure (2d ed. 1971) Appeal, section 217, pages 4207-4208, he argued that Feldman, even though he is a respondent, only, may raise that alleged error by way of support for the order made below. We do not pass on either the procedural issue or on the merits of the contention. Once the pleadings have been revised, pursuant to our judgment herein, Feldman will be free to interpose whatever objections or response he may desire to the issues then presented; it would serve no purpose to discuss the correctness of a pleading about to be superseded.

manded with directions to allow plaintiff Katz to amend his pleadings in either or both actions, if he be so advised, and thereafter to proceed in accordance with this opinion.

Jefferson, Acting P. J., and Dunn, J., concurred.

A petition for a rehearing was denied March 1, 1972, and respondents' petition for a hearing by the Supreme Court was denied April 12, 1972.